The cause was argued at October term 1822, and now at this term the opinion of the Court was delivered by
Putnam J.
The defendant objects that the plaintiff’s case is within the statute of frauds, because the value of the goods contracted for exceeded £10, and there was no earnest paid, no contract in writing, and no part of the goods were delivered at the time of the sale. To this the plaintiff replies, that the defendant accepted a part of the goods sold, and so took the contract out of the operation of the statute. That would have been the effect of a receipt of a part, if it had been done in a reasonable time, perhaps within any time of the month within which the defendant was to have taken the whole away. In the case of Cooper v. Elston, 7 D. & E. 14, the court held that a sample delivered two days after the contract was not good, because the sample was no part of the goods sold ; seeming to admit, that if it had been, the delivery after the sale would have been sufficient. In the case at bar, the delivery of part was not until after the expiration of the month, within which time the contract was to have been completed. If the case stopped here, we should be of the opinion that the plaintiff could not recover.
But it appears that the parties made a new agreement; for the defendant, some days after the expiration of the month, went to the plaintiff’s brick-kiln, and made an apoh gy to the *488 plaintiff’s agent, who was there, for not taking away the bricks within the month, and agreed to take 800 then and to take the rest in the next week. That was assented to by the plaintiff’s agent, who accordingly delivered 800 of the bricks then contracted. for. This agreement was certain enough as to the price and quantity, by the reference to the foimer one, which had not been literally fulfilled.
It is a principle well settled, that the master shall have the advantage of his servant’s contracts, in the same manner as he shall be bound by them, in relation to those matters within the scope of his authority. The plaintiff has ratified the doings and contract of the agent by bringing the action. It is to be inferred from these facts that the parties made a new agreement; which is not within the statute of frauds, because the defendant then accepted a part of the goods sold.
It has been contended, however, that the plaintiff cannot iecover, because he has not done all on his part to be done, namely, that he has not separated the 11,200 bricks from the kiln in which they were. But where the bargain and sale is complete, and the vendee does not take the goods away, an action lies for the price. Here the bargain and sale was complete by the delivery of part. Nothing more was necessary to be done on the part of the vendor, until the vendee should call for the residue.[1] The property was in the vendee. Suppose the plaintiff had 100,000 bricks in one kiln, and had sold 10,000 to one, 20,000 to another, and 10,000 to a third purchaser, and had given a brick to each purchaser as part of those sold ; could it be supposed that the property had not passed to the vendees?
T lis case was very well argued on both sides, but the view which we have taken of it seems not to render it necessary or expedient to remark upon many of the arguments and authorities which were adduced.
For the reasons above suggested, the Court are of opinion that the plaintiff is entitled to recover.

 See Parks v. Hall, 2 Pick. 213 ; Young v. Austin, 6 Pick. 283.